IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD TROY BETTENCOURT,

          Plaintiff,

vs.                                          CIVIL NO. 06-799 JB/DJS

JAY W. FORBES,

          Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.  This matter is a *pro se*, *in forma pauperis* civil rights action brought by a prisoner pursuant to 42 U.S.C. §1983. As the basis for this action, Plaintiff alleges that Defendant Jay W. Forbes, a New Mexico District Judge presiding in that state's Fifth Judicial District, Eddy County, violated his statutory rights under the Interstate Agreement on Detainers Act. Plaintiff is currently serving a sentence in a Federal Correctional Institution. He contends that he has an outstanding state indictment or charge against him for Embezzlement and Fraud and that Defendant has refused or failed to dismiss that charge upon Plaintiff's request for a final disposition pursuant to the Interstate Agreement on Detainers.

    2. Defendant filed a motion to dismiss (Docket No. 13) pursuant to Fed.R.Civ.P. 12(b)(6)

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

in which he asserts that the Act does not apply to sentencing after a criminal defendant has been sentenced. In support of the motion, Defendant attached certified copies of the criminal information, the jury verdict form, and the judgement and sentence showing Plaintiff's conviction for Embezzlement over $2,500 and Fraud over $250. In the alternative, Defendant argues that the Court should apply the Younger abstention doctrine and abstain from reaching the merits of the action because Plaintiff has failed to exhaust his state court remedies. The Court agrees with Defendant that the Interstate Agreement on Detainers, 18 U.S.C. App. 2, § 2, Art. IV(e), (IAD) does not apply to sentencing after conviction and so does not reach the abstention question.

3. The IAD was enacted to encourage the expeditious disposition of charges pending against prisoners and to provide cooperative procedures among member states to facilitate such dispositions. United States v. Mauro, 436 U.S. 340, 351 (1978). However, as pointed out by Defendant, the Tenth Circuit Court of Appeals has held that the IAD does not apply to sentencing in terms of the time limits it imposes for disposition of untried charges. United States v. Coffman, 905 F.2d 300 (10th Cir. 1990). The very premise of Plaintiff's complaint is faulty.

**RECOMMENDED DISPOSITION**

That Defendant's Motion to Dismiss be granted and this action dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**